1  Rodger K. Carreyn, SBN 210432
   RCarreyn@perkinscoie.com
2  Gabrielle E. Bina (Pro Hac Vice)
   GBina@perkinscoie.com
3  Kaitlin Dryden (Pro Hac Vice)
   KDryden@perkinscoie.com
4  PERKINS COIE LLP
   33 E Main St, Ste 201
5  Madison, Wisconsin 53703-3095
   Telephone: +1.608.663.7460
6
   Joseph P. Hamilton, SBN 211544
7  JHamilton@perkinscoie.com
   PERKINS COIE LLP
8  1888 Century Park East, Ste 1700
   Los Angeles, CA 90067-1721
9  Telephone: +1.310.788.3271

10 Attorneys for Plaintiff and
   Counterclaim Defendant Easton
11 Diamond Sports, LLC

DAVID B. ABEL, SBN 156744
davidabel@abelpatentlaw.com
LAW OFFICE OF DAVID B. ABEL
111 N. Sepulveda, Suite 250
Manhattan Beach, CA 90266
Telephone: (310) 850-4599

SEVAG DEMIRJIAN, SBN 243656
sevag@foundationlaw.com
FOUNDATION LAW GROUP LLP
4605 Lankershim Blvd., Suite 650
North Hollywood, CA 91602
Telephone: (310) 870-3977

Attorneys for Defendant and
Counterclaim Plaintiff
Monsta Athletics, LLC

12

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15

16 Easton Diamond Sports, LLC, a
   Delaware Limited Liability Corporation,
17
              Plaintiff/Counterclaim
18            Defendant,

19      v.

20 Monsta Athletics, LLC, a California
   Limited Liability Company
21
              Defendant/Counterclaim
22            Plaintiff.

Case No. 5:21-cv-01626 JWH (KK)

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

Complaint Filed: Sept. 24, 2021

23

24

25

26

27

28

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential and proprietary materials and information, including confidential or competitively sensitive business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

1  information is justified in this matter. It is the intent of the parties that information
2  will not be designated as confidential for tactical reasons and that nothing be so
3  designated without a good faith belief that it has been maintained in a confidential,
4  non-public manner, and there is good cause why it should not be part of the public
5  record of this case.

6  2.      DEFINITIONS

7          2.1     Action: This pending federal lawsuit entitled *Easton Diamond Sports,*
8  *LLC v. Monsta Athletics, LLC*, Case No. 5:21-cv-01626.

9          2.2     Challenging Party: A Party or Non-Party that challenges the designation
10 of information or items under this Order.

11         2.3     "CONFIDENTIAL" Information or Items: Information (regardless of
12 how it is generated, stored, or maintained) or tangible things that qualify for
13 protection under Federal Rule of Civil Procedure 26(c), and as specified above in the
14 Good Cause Statement.

15         2.4     Counsel: Outside Counsel of Record and House Counsel (as well as
16 each of their support staff).

17         2.5     Designating Party: A Party or Non-Party that designates information or
18 items that it produces in disclosures or in responses to discovery as
19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

20         2.6     Disclosure or Discovery Material: All items or information, regardless
21 of the medium or manner in which it is generated, stored, or maintained (including,
22 among other things, testimony, transcripts, and tangible things), that are produced or
23 generated in disclosures or responses to discovery in this matter.

24         2.7     Expert: A person with specialized knowledge or experience in a matter
25 pertinent to the litigation who has been retained by a Party or its counsel to serve as
26 an expert witness or as a consultant in this Action.

27         2.8     "HIGHLY CONFIDENTIAL" Information or Items: extremely
28 sensitive "Confidential Information or Items," disclosure of which to another Party

or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection.</u>
Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or some combination thereof) to all pages of each document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or some combination thereof) to each page that contains Protected Material (except that documents produced in native form (*e.g.*, Excel documents) need not be affixed with a confidentiality designation).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, within 14 days after the close of the

deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or some combination thereof).

5.3     <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Following a correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle or otherwise resolve: (1) this Action or any of the claims and defenses asserted in this Action, including any related appellate proceeding; and (2) *Monsta Athletics, LLC v. Easton Diamond Sports, LLC* (Case No. 5:23-cv-00963), or any of the claims and defenses asserted in that action, including any related appellate proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court and its personnel;

(e)      court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined by this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in section 7.4, below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information prior to its production by the Producing Party in this Action or who came into possession of the information by means other than disclosure by the Receiving Party; and

(f)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL" Information or Items to Experts</u>.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL" pursuant to section 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the designated "HIGHLY CONFIDENTIAL" Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

1        (c)    A Party that receives a timely written objection must meet and confer

2    with the Designating Party (by telephone or in-person) to try to resolve the matter by

3    agreement within seven (7) days of the written objection. If no agreement is reached,

4    the Party seeking to make the disclosure to the Expert may file a motion as provided

5    in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

6    seeking permission from the court to do so. Any such motion must describe the

7    circumstances with specificity, set forth in detail the reasons why the disclosure to

8    the Expert is reasonably necessary, assess the risk of harm that the disclosure would

9    entail, and suggest any additional means that could be used to reduce that risk. In

10    addition, any such motion must be accompanied by a competent declaration

11    describing the parties' efforts to resolve the matter by agreement (i.e., the extent and

12    the content of the meet and confer discussions) and setting forth the reasons advanced

13    by the Designating Party for its refusal to approve the disclosure.

14        (d)    In any such proceeding, the Party opposing disclosure to the Expert shall

15    bear the burden of proving that the risk of harm that the disclosure would entail

16    (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

17    Protected Material to its Expert.

18    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

19        <u>IN OTHER LITIGATION</u>

20        If a Party is served with a subpoena or a court order issued in other litigation

21    that compels disclosure of any information or items designated in this Action as

22    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

23        (a)    promptly notify in writing the Designating Party. Such notification shall

24    include a copy of the subpoena or court order;

25        (b)    promptly notify in writing the party who caused the subpoena or order

26    to issue in the other litigation that some or all of the material covered by the subpoena

27    or order is subject to this Protective Order. Such notification shall include a copy of

28    this Stipulated Protective Order; and

1    (c)    cooperate with respect to all reasonable procedures sought to be pursued
2  by the Designating Party whose Protected Material may be affected.

3    (d)    If the Designating Party timely seeks a protective order, the Party served
4  with the subpoena or court order shall not produce any information designated in this
5  Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a
6  determination by the court from which the subpoena or order issued, unless the Party
7  has obtained the Designating Party's permission. The Designating Party shall bear
8  the burden and expense of seeking protection in that court of its confidential material
9  – and nothing in these provisions should be construed as authorizing or encouraging
10 a Receiving Party in this Action to disobey a lawful directive from another court.

11     If the Designating Party timely seeks a protective order, the Party served with
12 the subpoena or court order shall not produce any information designated in this
13 Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a
14 determination by the court from which the subpoena or order issued, unless the Party
15 has obtained the Designating Party's permission. The Designating Party shall bear
16 the burden and expense of seeking protection in that court of its confidential material
17 – and nothing in these provisions should be construed as authorizing or encouraging
18 a Receiving Party in this Action to disobey a lawful directive from another court.

19 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
20         PRODUCED IN THIS LITIGATION

21    (a)    The terms of this Order are applicable to information produced by a
22 Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
23 CONFIDENTIAL" (or some combination thereof). Such information produced by
24 Non-Parties in connection with this litigation is protected by the remedies and relief
25 provided by this Order. Nothing in these provisions should be construed as
26 prohibiting a Non-Party from seeking additional protections.

27    (b)    In the event that a Party is required, by a valid discovery request, to
28 produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

1   or destroyed, the Receiving Party must submit a written certification to the Producing
2   Party (and, if not the same person or entity, to the Designating Party) by the 60-day
3   deadline that (1) identifies (by category, where appropriate) all the Protected Material
4   that was returned or destroyed and (2) affirms that the Receiving Party has not
5   retained any copies, abstracts, compilations, summaries or any other format
6   reproducing or capturing any of the Protected Material. Notwithstanding this
7   provision, Counsel are entitled to retain an archival copy of all pleadings, motion
8   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
9   deposition and trial exhibits, expert reports, attorney work product, and consultant
10  and expert work product, even if such materials contain Protected Material. Any such
11  archival copies that contain or constitute Protected Material remain subject to this
12  Protective Order as set forth in section 4 (DURATION).

13          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5:21-cv-01626 JWH (KK)
STIPULATED PROTECTIVE ORDER

1    Dated:  September 18, 2023                By: PERKINS COIE LLP

2
                                                 /s/ *Rodger K. Carreyn*
3                                                Rodger K. Carreyn
                                                 Attorneys for Plaintiff
4                                                Easton Diamond Sports, LLC

5
6    Dated:  September 18, 2023                  /s/ *David B. Abel*
                                                 David B. Abel
7                                                Attorneys for Defendant
                                                 Monsta Athletics, LLC
8

9    **IT IS SO ORDERED.**

10
     Dated:  September 19, 2023
11                                           _____
                                             Kenly Kiya Kato
12                                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**L.R. 5-4.3.4(a)(2)(i) Attestation**

Pursuant to L.R. 5-4.3.4, the filer of this document attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

PERKINS COIE LLP

/s/ *Rodger K. Carreyn*
Rodger K. Carreyn

Attorneys for Plaintiff and Counterclaim Defendant Easton Diamond Sports, LLC

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Easton Diamond Sports, LLC v. Monsta Athletics, LLC*, Case No. 5:21-cv-01626. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]